**THE INSTITUTE FOR JUSTICE**
Joseph Gay*
jgay@ij.org
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted *pro hac vice*.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, California 90401
Tel. (424) 258-5190

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **DONALD LEO MELLEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA; and Federal Bureau of Investigation Special Agents LYNNE ZELLHART, NATHAN CHERNEY, KAARE MATHISON, ALLEN GROVE, CHRISTINA CLYBURN, and BLAIRE FULCHER, in their individual capacities,**<br><br>Defendants. | Case No. 2:23-cv-07970-RGK-MAR<br><br>**DECLARATION OF JOSEPH GAY IN SUPPORT OF MOTION FOR EXTENSION OF TIME FOR SERVICE**<br><br>*(Filed concurrently with Notice of Motion for Extension of Time for Service and Memorandum in Support, and Proposed Order)*<br><br>Date: January 22, 2024<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: Sept. 22, 2023<br>Am. Complaint Filed: Dec. 19, 2023 |

I, Joseph Gay, declare:

1. I am an active member of the State Bar of New York and the District of Columbia Bar, and I am an attorney at the Institute for Justice. I submit this declaration in support of Plaintiff's Motion for Extension of Time.

2. I am counsel for Plaintiff in the above-captioned matter.

3. Plaintiff filed his original complaint on September 22, 2023, after the FBI took the contents of his safe-deposit box and failed to return 63 gold coins stored inside. Plaintiff brought claims against the United States as well as the individual FBI agents responsible for the missing property.

4. Plaintiff and his counsel, however, did not know which FBI agents searched Plaintiff's safe-deposit box, so those defendants were identified in the original complaint as Doe defendants. Plaintiff's counsel, however, understood that the identities of the Doe defendants could be determined from the government's records of its searches of the safe-deposit boxes.

5. On October 25, 2023, I emailed the Assistant United States Attorney representing the United States in a related lawsuit (*Snitko v. United States*, No. 2:21-cv-04405-RGK-MAR (C.D. Cal.)), to request either a call to discuss this lawsuit, or information about who we could speak to within the U.S. Attorney's office about this case. After he informed us that he was not assigned to this case, my colleague Robert Frommer emailed him on October 26 to confirm whether there was someone else in the civil division we could speak to.

6. After receiving no response to Mr. Frommer's October 26 email, we identified and emailed the head of the General Civil Section on November 2, 2023. She identified the Assistant United States Attorneys assigned to this case, Jasmin Yang and Yujin Chun.

7. I contacted Ms. Yang and Ms. Chun and we were able to schedule a call to discuss identifying the Doe defendants on November 17, 2023. During the call, Ms. Yang said the government would consider modifying the protective order

from the *Snitko* litigation, so that Plaintiff could use the discovery materials produced by the government in that case to research and identify the Doe defendants. Due to Ms. Yang's planned travels and the upcoming holiday, she said the government would provide its position on modifying the protective order the week of November 27.

8. On November 28, Ms. Yang said that the government would agree to modify the provisions of the *Snitko* protective order. The parties filed a stipulation to that effect on December 1 (D.E. 40), which the Court approved on December 4 (D.E. 41) in an order that was entered on December 5.

9. I then began researching the discovery materials to identify the Doe defendants. In addition to reviewing the records from the search of Plaintiff's box, I also reviewed a significant number of other discovery materials to verify that the allegations accurately identified the defendants as special agents at the FBI.

10. On December 19, Plaintiff filed his First Amended Complaint, which substituted defendants Cherney, Mathison, Grove, Clyburn, and Fulcher in place of the Doe defendants. Plaintiff also submitted requests that summonses be issued for each newly identified defendant.

11. On December 21, Plaintiff's counsel's paralegal called the clerk's office to again request that it issue a summons for each new defendant. The clerk's office issued the summonses shortly after that.

12. As soon as counsel for Plaintiff received the summons for each new defendant, they immediately provided the summonses and First Amended Complaint to our vendor for service of process with instructions to complete personal service today.

13. Soon after that, Plaintiff's process server attempted personal service at the FBI's Los Angeles field office (where Defendant Zellhart was previously served successfully), but was informed that no one was available at that office to accept service. The process server was told to return on Friday, December 22,

1  2023, before noon. A copy of the process server's report is attached as Exhibit A.
2  (Although the report refers to service in the related *Pearsons* case, the instructions
3  for service and the process server's report are discussing service for both this case
4  and *Pearsons*).

5       14.    Plaintiff's counsel has instructed the process server to attempt service
6  again on Friday, December 21, before noon.

8  Executed this 21st day of December 2023

                                                /s/ Joseph Gay
                                                Joseph Gay