E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASMIN YANG (Cal. Bar No. 255254)
YUJIN CHUN (Cal. Bar No. 306298)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827 (Yang)-0929 (Chun)
    Facsimile: (213) 894-7819
    E-mail: jasmin.yang@usdoj.gov
          yujin.chun@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD LEO MELLEIN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:23-cv-07970-RGK-MAR<br><br>**UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  March 4, 2024<br>Hearing Time:  9:00 a.m.<br>Ctrm:  850<br><br>Honorable R. Gary Klausner |

# **TABLE OF CONTENTS**

| DESCRIPTION | PAGE |
|---|---|

**Contents**

TABLE OF AUTHORITIES .................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ........................................... v

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. INTRODUCTION ............................................................................................ 1

II. STATEMENT OF FACTS .............................................................................. 2

III. ARGUMENT .................................................................................................. 3

    A. Sovereign Immunity Bars All Claims Against the United States Arising Out of Detention of Goods (Counts I, II, III, IV, V, and VI) ........... 3

    B. The FAC Fails to State a Claim for Breach of Bailment (Count II and V) .................................................................................................................... 8

    C. The FAC Fails to State Actionable Claims under the Bane Act (Counts VII and VIII) ............................................................................................... 9

    D. The FAC Fails to State an Actionable Claim Under the Fifth Amendment Due Process Clause (Count IX) ............................................. 11

IV. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                                  PAGE

**Cases**

*Acevedo v. United States*,
  No. 122CV00767SKOPC, 2023 WL 2166302 (E.D. Cal. Feb. 22, 2023) ...................... 6
*Agro Dynamics, LLC v. United States*,
  No. 20-CV-2082-JAH-KSC, 2023 WL 6130813 (S.D. Cal. Sept. 19, 2023) ....... 6, 7, 10
*Ali v. Fed. Bureau of Prisons*,
  552 U.S. 214 (2008) ............................................................................................... 5
*Austin B. v. Escondido Union Sch. Dist.*,
  149 Cal. App. 4th 860 (2007) ............................................................................... 10
*Azul-Pacifico, Inc. v. City of Los Angeles*,
  973 F.2d 704 (9th Cir. 1992) ................................................................................ 12
*Bakay v. Yarnes*,
  431 F. Supp. 2d 1103 (W.D. Wash. 2006) ............................................................. 9
*Benoit v. U.S. Dep't of Agric.*,
  577 F.Supp.2d 12 (D.D.C.2008) *affd*, 608 F.3d 17 (D.C. Cir. 2010) ................ 11, 12
*Blanchard v. County of Los Angeles*,
  2022 WL 17081308 (C.D. Cal. Aug. 25, 2022) ................................................... 10
*Bramwell v. U.S. Bureau of Prisons*,
  348 F.3d 804 (9th Cir. 2003) .................................................................................. 5
*Cervantes v. United States*,
  330 F.3d 1186 (9th Cir. 2003) ................................................................................ 4
*DaVinci Aircraft, Inc. v. United States*,
  926 F.3d 1117 (9th Cir. 2019) ................................................................................ 5
*Delta Savings Bank v. United States*,
  265 F.3d 1017 (9th Cir. 2001) .............................................................................. 10
*Dep't of the Army v. Blue Fox, Inc.*,
  525 U.S. 255 (1999) ............................................................................................... 4
*Dimerco Express (U.S.A.) Corp. v. Max Oshima, Inc.*,
  No. CV072043GAFPLAX, 2007 WL 9706128 (C.D. Cal. July 18, 2007) ............ 8
*Dunn & Black P.S. v. United States*,
  492 F.3d 1084 (9th Cir. 2007) ................................................................................ 4
*Est. of Escobar v. United States*,
  No. 20-CV-2454-L-KSC, 2022 WL 19037165 (S.D. Cal. Dec. 2, 2022) ............. 10
*Est. of Mejia v. United States*,
  No. 20-CV-2454-L-KSC, 2023 WL 2994114 (S.D. Cal. Apr. 18, 2023) ............. 10
*F.D.I.C. v. Meyer*,
  510 U.S. 471 (1994) ......................................................................................... 3, 12

*Foster v. United States*,
    522 F.3d 1071 (9th Cir. 2008) ............................................................................. 4, 5, 7
*Gasho v. United States*,
    39 F.3d 1420 (9th Cir. 1994) ........................................................................................ 5
*Han v. Cty. of Los Angeles*,
    2016 WL 2758241 (C.D. Cal. May 12, 2016) .......................................................... 10
*Husband v. United States*,
    No. 09-74C, 2009 WL 3754169 (Fed. Cl. Oct. 30, 2009) .......................................... 9
*Kaiser v. Blue Cross of Cal.*,
    347 F.3d 1107 (9th Cir. 2003) ..................................................................................... 3
*Kam-Almaz v. United States*,
    682 F.3d 1364 (Fed. Cir. 2012) .................................................................................. 8
*Kosak v. United States*,
    465 U.S. 848 (1984) ..................................................................................................... 5
*Lane v. Pena*,
    518 U.S. 187 (1996) ................................................................................................. 3, 4
*Llamera v. United States*,
    15 Cl.Ct. 593 (1988) .................................................................................................... 9
*Marshall v. United States*,
    No. 514-88C, 1990 WL 145424 (Cl. Ct. Oct. 4, 1990) .............................................. 8
*Minneci v. Pollard*,
    565 U.S. 118 (2012) ..................................................................................................... 9
*Ordonez v. United States*,
    680 F.3d 1135 (9th Cir. 2012) ................................................................................ 3, 4
*Osborn v. Haley*,
    549 U.S. 225 (2007) ..................................................................................................... 2
*Pesnell v. United States*,
    64 F. App'x 73 (9th Cir. 2003) ................................................................................. 11
*Price v. Peerson*,
    2014 WL 12579814 (C.D. Cal. Feb. 12, 2014) ........................................................ 10
*Shoyoye v. Cnty. of Los Angeles*,
    203 Cal. App. 4th 947 (2012) .............................................................................. 10, 11
*Stevens v. Department of Treasury*,
    500 U.S. 1 (1991) ....................................................................................................... 12
*Tobar v. United States*,
    639 F.3d 1191 (9th Cir. 2011) ..................................................................................... 3
*United States v. 87 Skyline Terrace*,
    26 F.3d 923 (9th Cir. 1994) ......................................................................................... 4
*United States v. Mitchell*,
    445 U.S. 535 (1980) ..................................................................................................... 3

*United States v. Mitchell*,
   463 U.S. .................................................................................................................. 3
*Voeltz v. United States*,
   No. 5:21-CV-00151-FWS-KK, 2023 WL 6881831 (C.D. Cal. Aug. 23, 2023) ............ 4
*Ward v. Gordon*,
   999 F.2d 1399 (9th Cir. 1993) ................................................................................. 2
*Wilson v. Horton's Towing*,
   906 F.3d 776 (9th Cir. 2018) .................................................................................. 2
*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ........................................................................................... 12

**Statutes**

28 U.S.C. § 1346(b) .................................................................................................. 6, 12
28 U.S.C. § 1346(b)(1) ................................................................................................... 4
28 U.S.C. § 2679(b)(1) .............................................................................................. 2, 10
28 U.S.C. § 2680(c) ........................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b) ...................................................................................................... v

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on March 4, 2024 at 9:00 a.m., as soon thereafter as they may be heard, Defendant United States of America will, and hereby does, move this Court for an order dismissing the claims asserted against it by the Plaintiffs' First Amended Complaint (FAC) under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. This motion will be made before the Honorable R. Gary Klausner, United States District Judge, in the Roybal Federal Building and Courthouse located at 255 East Temple Street, Los Angeles, CA 90012.

The United States brings the motion on the following grounds:

1. The United States' sovereign immunity bars claims that arise out of the detention of goods, which may not proceed under the Federal Tort Claims Act;
2. The FAC does not state actionable claims for breach of bailment contract, as it does not allege the existence of a bailment contract, nor could it, because the FBI seized the evidence in a warrant operation, rather than taking it pursuant to an agreement with the Plaintiff;
3. The FAC fails to state an actionable Bane Act claim against the United States because the United States has not waived sovereign immunity for constitutional claims and the FAC does not allege the threats, intimidation, or coercion that is required to state such a claim; and
4. The FAC's "As-Applied" cause of action fails to state a claim upon which relief can be granted, and to the extent it is construed to assert a due process violation, the United States has not waived its sovereign immunity with respect to constitutional torts.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule

7-3 which was held on January 9, 2024.

Dated: January 16, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

    /s/ *Yujin Chun*
YUJIN CHUN
JASMIN YANG
Assistant United States Attorneys

Attorneys for United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The First Amended Complaint ("Complaint" or "FAC") [Dkt. 45] asserts multiple claims against the United States seeking to recover damages for gold coins that were allegedly lost from Plaintiff's safe deposit box during the FBI's criminal investigation of a private vault company. All of the FAC's claims against the United States, however, fail as a matter of law. The circumstances in which the United States is subject to suit for monetary damages are limited to those clearly delineated by Congress. In that regard, the Federal Tort Claims Act (FTCA) permits *some* types of tort claims to be asserted against the United States, while sovereign immunity continues to bar all other types of tort claims—which the FTCA expressly defines to include all claims arising from the federal government's allegedly wrongful detention of goods. Where personal property is allegedly damaged or lost during the government's detention of property in a warrant operation, Congress has made clear that the United States shall not be subject to any tort liability. The Court thus lacks subject matter jurisdiction with respect to the FAC's tort claims against the United States.

The FAC also fails to state a claim against the United States for a violation of the Takings Clause, because it is well-established that seizures of evidence in criminal investigations are not takings.

The FAC's Bane Act claims are barred by sovereign immunity because they are based on asserted constitutional violations by the United States. The Bane Act claims are also alleged without sufficient supporting facts, since they do not allege the type of deliberate threats and coercion that is required to state such a claim.

Finally, the Complaint's last count is a legal argument rather than an affirmative claim for relief. Even if this last count were construed as asserting a cause of action for money damages based on an asserted constitutional violation, however, it is well-established that the United States has not waived its sovereign immunity for constitutional torts, and there is no jurisdiction for such claims in District Court.

1

Accordingly, the Court should dismiss the FAC in its entirety with respect to the United States.[1]

## II. STATEMENT OF FACTS

According to the Complaint, Plaintiff Donald Mellein rented a safe deposit box at U.S. Private Vaults (USPV) in Beverly Hills, California. FAC at ¶2. On March 22, 2021, operating under a warrant, the FBI "raided" USPV's business premises based on suspicion that USPV had committed various crimes. FAC at ¶3. The FBI's warrant application stated that by seizing USPV's property, the FBI would end up with custody of the individual safe deposit boxes, the contents of which the FBI would preserve for safekeeping and eventually return to the rightful owners. FAC at ¶3.

Plaintiff alleges that cash, a gold bar, and 110 gold coins were in his safe deposit box. FAC at ¶2. A "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" he received from the FBI, however, only reflected the cash and the gold bar but not the asserted 110 gold coins. FAC at ¶79. The FBI returned the cash and the gold bar. FAC at ¶82. Later, the FBI found and returned 47 coins. FAC at ¶¶86-87. Plaintiff filed an administrative claim seeking compensation for 63 coins, which was denied with the statement that there was no evidence of negligence or wrongful acts on the part of any FBI employee. FAC at ¶¶90-91.

The Complaint asserts claims under the Federal Tort Claims Act (FTCA) against the United States (Counts I, II, III). *See* FAC. Count IX of the Complaint does not

---

[1] In addition to the FAC's claims against the United States, the FAC also asserts claims against FBI agents in their individual capacities. The United States currently represents Agent Zellhart in her individual capacity and has been substituted as the defendant in place of Agent Zellhart by the United States' concurrently filed certification pursuant to the Westfall Act. The FTCA encompasses torts and wrongful acts of federal employees acting within the scope of official duties. The only proper defendant in a suit under the FTCA is the Government. *See* 28 U.S.C. § 2679(b)(1); *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993) In this regard, the Westfall Act provides federal employees absolute immunity from common-law tort claims and other state law claims arising out of acts they undertake in the course of their official duties. *Wilson v. Horton's Towing*, 906 F.3d 776, 780 (9th Cir. 2018); *see also Osborn v. Haley*, 549 U.S. 225, 230 (2007). Further, the remaining asserted against Agent Zellhart should be dismissed for the reasons stated in Agent Zellhart's concurrently filed motion to dismiss.

specify against which Defendant(s) the purported cause of action is, instead making a legal argument. *See* FAC at ¶¶207-213. The Complaint asks for damages in the amount of $123,419.00. *See* FAC at ¶¶113, 127, 137.

## III. ARGUMENT

### A. Sovereign Immunity Bars All Claims Against the United States Arising Out of Detention of Goods (Counts I, II, III, IV, V, and VI)

Plaintiffs' FAC asserts Counts I, II, and III against the United States pursuant to the FTCA. Pursuant to the Westfall Act, the United States has also been substituted as the defendant in place of Agent Zellhart as to the FAC's Counts IV, V, and VI. These claims must all be dismissed for lack of subject matter jurisdiction.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535 (1980)). In other words, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature; "the existence of [the United States'] consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. at 212. "Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the [federal] government." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Mitchell*, 463 U.S. at 212).

The federal government may waive its sovereign immunity, but any waiver "must be unequivocally expressed in statutory text … and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). The Ninth Circuit applies "traditional tools of statutory construction to determine whether the scope of Congress' waiver is "clearly discernable from the statutory text." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (citations omitted). "If it is, then we abide by Congress' instruction; if it is

3

not, then we "construe any ambiguities in the scope of a waiver in favor of the sovereign." *Id.* (citations omitted). The party asserting a claim against the United States bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). And unlike actions involving private parties, "where a cause of action is authorized against the federal government, the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." *Lane v. Pena*, 518 U.S. at 197 (internal quotation marks omitted); *see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 263-65 (1999).

The Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity in a limited number of civil actions for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). However, certain categories of claims are expressly exempt from the scope of this waiver of sovereign immunity, including "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *Id.* § 2680(c). This exception, referred to as the "detention of goods" exception, *see, e.g.*, *Cervantes v. United States*, 330 F.3d 1186, 1189 (9th Cir. 2003), generally is interpreted broadly, consistent with the well-established principle that waivers of sovereign immunity must be construed strictly in favor of the sovereign. *See Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008); *Lane v. Pena*, 518 U.S. at 192; *United States v. 87 Skyline Terrace*, 26 F.3d 923, 929 (9th Cir. 1994). Federal courts lack subject matter jurisdiction over tort claims falling within such an exception. *Voeltz v. United States*, No. 5:21-CV-00151-FWS-KK, 2023 WL 6881831, at *4 (C.D. Cal. Aug. 23, 2023).

The Complaint's Count I (Conversion and Trespass to Chattels), Count II (Breach of Bailment), and Count III (Negligence) are all asserted against the United States under

the FTCA.[2] All three causes of action arise out of the government's alleged seizure and loss of gold coins, which Plaintiff contends were kept in his safe deposit box that the FBI seized during a criminal investigation pursuant to a warrant. This seizure falls squarely within the detention of goods exception of the FTCA, meaning the United States has not waived its sovereign immunity with respect to tort claims arising from damage or loss to the property. The Ninth Circuit has held that the detention of goods exception "'effectively bar[s] any remedy for intentional torts with respect to seizures,' [and] notably treat[s] 'seizures' as covered by the detention exception in section 2680(c)." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019) (quoting *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994)).

The detention of goods exception to FTCA jurisdiction applies not only to intentional conduct by government employees, but also to, as Plaintiff here alleges, "any claim 'arising out of' the detention of goods, ... includ[ing] a claim resulting from negligent handling or storage of detained property." *Foster*, 522 F.3d at 1074, citing *Kosak v. United States*, 465 U.S. 848, 854 (1984). *See also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 808 (9th Cir. 2003). Further, there is no difference whether the property was temporarily or permanently detained. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1124 (9th Cir. 2019). This includes cases in which property is allegedly lost, just as the FAC alleges. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (affirming application of exception where BOP officers allegedly lost inmate's personal property).

Plaintiff's tort claims against the United States are thus barred under the detention of goods exception to the FTCA's waiver of sovereign immunity, even if the Court were to later find that Plaintiff's assertion of the gold coins having been in the safe deposit box is true, and finds that the FBI failed to meet its obligations in some way with respect

---

[2] With respect to Counts IV, V, and VI asserted against the individual defendants, the United States has substituted in as the defendant in place of Agent Zellhart. *See supra* fn. 1. Since those counts are essentially identical to Counts I, II, and III, the following discussion applies equally to Counts IV, V, and VI.

to the loss of the gold coins. The FBI's alleged failure does not overcome the lack of subject matter jurisdiction with respect to FTCA claims. *See, e.g., Acevedo v. United States*, No. 122CV00767SKOPC, 2023 WL 2166302, at *5 (E.D. Cal. Feb. 22, 2023) ("Whether BOP policy requires an inmate be given a copy of the inventory following property detention, and assuming Plaintiff's assertion that he received no such inventory is true, that alleged failure does not act to overcome this Court's lack of subject matter jurisdiction over Plaintiff's claim."). *See also Agro Dynamics, LLC v. United States*, No. 20-CV-2082-JAH-KSC, 2023 WL 6130813, at *13–14 (S.D. Cal. Sept. 19, 2023) (dismissing FTCA causes of action while a claim regarding the constitutionality of the search and seizure remains).

Indeed, Congress has very carefully delineated the only specific contexts in which monetary claims can proceed based on the government's seizure of goods—which do not include Plaintiff's claims here, which arise from the seizure of evidence. In the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106–185, § 3, 114 Stat. 202, 211, Congress added paragraphs (1)-(4) to 28 U.S.C. § 2680(c), which provide that the waiver of sovereign immunity in 28 U.S.C. § 1346(b) extends to damage to property while in the possession of certain government employees, including law enforcement officers, if-and-only-if:

(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

(2) the interest of the claimant was not forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c).

This limited type of claim does not apply here. First, assuming for purposes of this

1  motion that the gold coins were in the box when it was seized, it was not seized "for the
2  purpose of forfeiture." Ninth Circuit law is clear that the CAFRA amendment to 2680(c)
3  only applies to seizures where their *only* purpose was forfeiture. *Foster v. United States*,
4  522 F.3d at 1075. No facts alleged in the FAC plausibly establish that the FBI's seizure
5  of the USPV vaults was only for the purpose of forfeiture. Indeed, Plaintiff concedes that
6  the other property in their box was returned to them (cash and the gold bar). *See* FAC at
7  ¶6. Moreover, Plaintiff affirms that a purpose of the seizure was to shut down the USPV
8  business entirely, the company having been indicted for money laundering and drug
9  trafficking. *See* FAC at ¶ 33 (USPV indictment on March 9, 2021); ¶ 47 (alleging that
10 the government wanted to seize the nest of boxes "to bring USPV's business to a
11 "screeching halt"); ¶ 122 (alleging that the seizure was intended to "shut down USPV's
12 business"). Thus, the CAFRA amendment to 2680(c) does not apply.

13       In *Foster*, the Ninth Circuit reasoned that "law enforcement officers who seize
14 property for law enforcement purposes often are operating in hostile or dangerous
15 environments, whether or not they anticipate that, eventually, a forfeiture may result
16 from their efforts." *Foster*, 522 F.3d at 1078. Here, the FAC alleges that the FBI seized
17 "hundreds" of USPV safe deposit boxes pursuant to the seizure warrant, FAC at ¶ 178,
18 and that the inventory searches of those boxes "demanded significant time and effort[.]"
19 FAC at ¶ 4. Congress had good reason for its decision not to waive the United States'
20 sovereign immunity for tort claims arising from this context: such liability "could
21 hamper law enforcement officers' effectiveness in carrying out the important purposes
22 underlying the seizure and redirect their attention from the possibility of danger in
23 executing the search warrant to the possibility of civil damages." *Foster*, 522 F.3d at
24 1078. *See also, generally, Agro Dynamics*, 2023 WL 6130813. What's more, if Congress
25 had waived the United States' sovereign immunity in such circumstances, "the scarcity
26 of resources to inspect and protect the property means that law enforcement officers
27 might be subject to false and fraudulent claims." *Id.* at 1078-79.
28       Plaintiff's claims against the United States in Counts I, II, III, IV, V, and VI are

barred, because the FTCA's limited waiver of sovereign immunity does not permit them to proceed. Accordingly, these claims must be dismissed for lack of subject matter jurisdiction.

### B. The FAC Fails to State a Claim for Breach of Bailment (Count II and V)

Plaintiff's Count II and V for breach of bailment, in addition to failing for lacking jurisdiction under the FTCA, also fail to state a claim against the United States. A bailor/bailee relationship arises when a "voluntary deposit is made by one giving to another, with his consent, the possession of personal property to keep for the benefit of the former, or of a third party." *Dimerco Express (U.S.A.) Corp. v. Max Oshima, Inc.*, No. CV072043GAFPLAX, 2007 WL 9706128, at *3 (C.D. Cal. July 18, 2007) (quoting Cal. Civ. Code § 1814). Here, there was no such relationship between Plaintiff and the United States. There is no allegation that Plaintiff voluntarily entrusted the gold coins to the United States. Exactly to the contrary, Plaintiff alleges that this property was unlawfully seized pursuant to an invalid warrant operation. Against that background, Plaintiff attempt to assert a bailment claim by merely stating that the contents of the safe deposit boxes were delivered to the custody of the government. *See* FAC at ¶ 120. But the FAC repeatedly states that the coins were involuntarily seized, directly controverting the existence of the mutual intent that would be required for an implied-in-fact or express contract. Put another way, Plaintiff did not voluntarily deliver the contents of his box to the FBI, and the United States thus did not even arguably form a contract with Plaintiff by seizing those contents pursuant to warrant.

"A seizure, essentially by definition, lacks mutual intent. Thus, as the government correctly points out, a seizure pursuant to the government's authority…generally will not give rise to an implied-in-fact bailment contract." *Kam-Almaz v. United States*, 682 F.3d 1364, 1369 (Fed. Cir. 2012). A seizure does "not suggest any mutual intent to enter a bailment arrangement, *i.e.*, they do not suggest the presence of the prerequisites of an implied-in-fact bailment contract—an offer, an acceptance, and the passage of

consideration between the parties." *Marshall v. United States*, No. 514-88C, 1990 WL 145424 (Cl. Ct. Oct. 4, 1990); *see also Llamera v. United States*, 15 Cl.Ct. 593, 599 (1988) (refusing to view the unilateral act of federal officials seizing plaintiff's personal property as evidence of any intent to enter into a bailment agreement and, in addition, there was also no basis for finding consideration); *Husband v. United States*, No. 09-74C, 2009 WL 3754169 (Fed. Cl. Oct. 30, 2009) (no implied bailment contract even where the complaint alleges that the government gave plaintiff a receipt for the seized property); *Bakay v. Yarnes*, 431 F. Supp. 2d 1103, 1112 (W.D. Wash. 2006) (dismissing a bailment claim as a matter of law because seizure of cats pursuant to a warrant did not create an implied contract/bailment contract). Without facts plausibly alleging the existence of a bailment (and with the FAC's alleged facts directly contradicting and refuting its existence), there can be no claim for breach of bailment. Counts II and V should thus be dismissed.

        **C.    The FAC Fails to State Actionable Claims under the Bane Act (Counts VII and VIII)**

Counts VII and VIII both assert Bane Act claims against the FBI agents in their individual capacities. However, because the individuals—including Special Agent Zellhart—were executing a warrant within their scope of employment, the FTCA provides the *exclusive* remedy for their alleged wrongdoing—a suit against the United States. The United States has filed a certification under the Westfall Act, substituting itself as the defendant in place of Agent Zellhart. A plaintiff "ordinarily cannot bring state-law tort actions against employees of the Federal Government." *Minneci v. Pollard*, 565 U.S. 118, 126 (2012) (explaining that the Westfall Act, which amended the FTCA, "substitut[es] United States as defendant in tort action against federal employee[s]"). Where, as here, Plaintiff alleges "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," the FTCA provides that a suit against the United States shall be "exclusive of any other civil action or proceeding for money

damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim[.]" 28 U.S.C. § 2679(b)(1).

As the United States has been substituted as the defendant for the Bane Act claims pursuant to the Westfall Act, those claims necessarily fail because they are either (a) barred by the FTCA's jurisdictional limitations discussed above (*i.e.*, they arise from the detention of goods); or else (b) they are premised on alleged constitutional violations, which may not be asserted against the United States as the basis for tort liability. In *Blanchard v. County of Los Angeles*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022), the court dismissed a Bane Act claim premised on Cal. Constitution, Article I, Section 13, noting that it is "substantially equivalent to the Fourth Amendment" and that "allowing [plaintiff] to bring a Bane Act claim based on the 'substantially equivalent' provision of the California constitution would in effect permit her to sue the federal government for a Fourth Amendment violation, which is precisely what is prohibited." (Citing *Delta Savings Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001)). Similarly, here, Plaintiff may not overcome the barriers to his *Bivens* claim by simply relabeling his claim for the same wrongs under the Bane Act. *See Agro Dynamics*, 2023 WL 6130813 at *12; *Est. of Mejia v. United States*, No. 20-CV-2454-L-KSC, 2023 WL 2994114, at *2 (S.D. Cal. Apr. 18, 2023); *Est. of Escobar v. United States*, No. 20-CV-2454-L-KSC, 2022 WL 19037165, at *3 (S.D. Cal. Dec. 2, 2022).

In addition, Plaintiff's FAC also fails to allege facts sufficient to state Bane Act claims. To state a claim under the Bane Act, a plaintiff must establish that the defendant either "tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law" through the use of "threats, intimidation or coercion." *Price v. Peerson*, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014) (Hon. Philip S. Gutierrez) (quoting *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 833 (2007)). The key element in Bane Act cases is "the element of threat, intimidation, or coercion." *Han v. Cty. of Los Angeles*, 2016 WL 2758241, at *9 (C.D. Cal. May 12,

2016) (Hon. Dean D. Pregerson) (quoting *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012)). *Han* found that stating a claim "requires a showing of coercion independent from the coercion inherent in the wrongful detention [or other tort] itself." *Id*. (alterations in original). Here there are no allegations of threats, intimidation, or coercion—indeed, there are no allegations that Special Agent Zellhart or anyone else in the FBI even knew about Plaintiff, much less threatened him. Plaintiff's Bane Act claims must be dismissed accordingly.

### D. The FAC Fails to State an Actionable Claim Under the Fifth Amendment Due Process Clause (Count IX)

The last claim, "Count IX: As-Applied Deprivation of Property Without Due Process of Law Under the Fifth Amendment Due Process Clause," does not ask for any monetary or declaratory relief, but rather is simply an argument challenging whichever law might prevent Plaintiff from recovering on his claims. This count should be dismissed for failure to state upon which relief can be granted, as it does not constitute a cause of action at all. Instead, it just argues that the Court's application of the law[3] would constitute a due process violation.

Even if the Court were to construe Count IX as asserting a cause of action for a Fifth Amendment violation, the Complaint does not assert any statutory basis for subjecting the United States to suit for monetary remedies under this theory. As discussed previously, there must be an explicit waiver of sovereign immunity in order to bring a claim for monetary damages against the United States. It is well-established that the United States has not waived its sovereign immunity with respect to constitutional tort claims. *See Pesnell v. United States*, 64 F. App'x 73, 74–75 (9th Cir. 2003). *See*

---

[3] The Complaint alleges that this Count is brought "[t]o the extent the previous counts brought against Defendants in this Complaint are subject to legal defenses (under the FTCA [for the United States])," stating that "those statutes are unconstitutional as applied" for purportedly violating Plaintiff's right to due process. FAC at ¶¶ 212-213. Not only is this not a cause of action, it is sovereign immunity, not the FTCA, that bar Plaintiff's claims. The FTCA operates to allow certain claims that would otherwise be barred, but Plaintiff's claims do not fall under the FTCA's waiver of sovereign immunity.

11

*also, e.g., Benoit v. U.S. Dep't of Agric.*, 577 F.Supp.2d 12, 26 (D.D.C.2008) (stating that the United States "has not waived its sovereign immunity to damages claims of violations under the Constitution" including plaintiffs' claims for due process of law under the Fifth and Fourteenth Amendments to the United States Constitution), aff'd, 608 F.3d 17, 20–21 (D.C. Cir. 2010). Thus, individuals do not have a "cause of action directly under the United States Constitution" for violation of their constitutional rights. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). *See also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

In *F.D.I.C. v. Meyer*, the plaintiff sued the United States claiming that his summary discharge from a federal institution "deprived him of a property right without due process of law in violation of the Fifth Amendment." *F.D.I.C. v. Meyer*, 510 U.S. at 471. The U.S. Supreme Court found that such a claim is barred as against the United States, as it is not "cognizable" under 28 U.S.C. § 1346(b). *Id.* To be actionable under § 1346(b), a claim must allege, *inter alia*, that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred." A constitutional tort claim, the Court in *F.D.I.C. v. Meyer* found, could not contain such an allegation. *Id.* at 477-78. *See also Stevens v. Department of Treasury*, 500 U.S. 1 (1991) (violations of Title VII and the constitution are not cognizable under the FTCA). The *Meyer* Court refused to create such a new remedy against federal agencies. "Such a remedy would create a potentially enormous financial burden for the Federal Government, a matter affecting fiscal policy that is better left to Congress." *F.D.I.C. v. Meyer*, 510 U.S. at 472. Here, Count IX argues a violation of the Fifth Amendment due process clause, as in *Meyer*. The United States has not waived its sovereign immunity with respect to such a claim, and it should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss all the claims that the FAC asserts against the United States, along with those claims asserted against individual federal employees that the United States has been

substituted in as the defendant for pursuant to the Westfall Act.

Dated: January 16, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

            /s/ *Yujin Chun*
YUJIN CHUN
JASMIN YANG
Assistant United States Attorneys

Attorneys for United States of America

### CERTIFICATE OF COMPLIANCE

   The undersigned, counsel of record for Defendant, certifies that this brief contains 4,539 words, which complies with the word limit of L.R. 11-6.1 and the Court's word limit.

Dated: January 16, 2024            /s/ *Yujin Chun*
YUJIN CHUN
Assistant United States Attorney