UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD LEO MELLEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-07970-RGK-MAR<br><br>**[PROPOSED] ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS** |

　　The Motion to Dismiss ("Motion") filed by defendant United States of America, having come on for hearing, and the Court having considered the Motion, the Opposition, and the Reply, the evidence presented, and oral argument thereon,

　　THE COURT HEREBY FINDS THAT:

1. The Motion is Granted.

2. Counts I, II, and III, which assert claims against the United States under the Federal Tort Claims Act, are all dismissed for lack of subject matter jurisdiction. The United States has not waived its sovereign immunity with respect to claims arising of the detention of goods, and such claims therefore cannot proceed under the Federal Tort Claims Act. 28 U.S.C. § 2670(c); *see Cervantes v. United States*, 330 F.3d 1186, 1189 (9th Cir. 2003); *Agro*

      *Dynamics, LLC v. United States*, No. 20-CV-2082-JAH-KSC, 2023 WL 6130813, at *13–14 (S.D. Cal. Sept. 19, 2023).

3. Counts IV, V, and VI are dismissed for lack of subject matter jurisdiction with respect to the United States, which has been substituted as their defendant in place of Special Agent Zellhart pursuant to the Attorney General's certification under the Westfall Act, for the same reasons as above. The United States has not waived its sovereign immunity with respect to tort claims arising of the detention of goods, and such claims therefore cannot proceed against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2670(c).

4. Counts II and V for breach of bailment are also dismissed for failure to state a claim because the First Amended Complaint does not allege facts showing that Plaintiff entered into a contract with the government, but rather alleges that the FBI seized the goods against the Plaintiff's will during a warrant operation. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1369 (Fed. Cir. 2012).

5. Counts VII and VIII for violations of the Bane Act are dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity with respect to constitutional torts. *See Minneci v. Pollard*, 565 U.S. 118, 126 (2012); *Blanchard v. County of Los Angeles*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022). Furthermore, the First Amended Complaint also fails to allege facts sufficient to state a Bane Act claim, which requires a showing of threats, intimidation, or coercion, and these claims are subject to dismissal on that basis as well. *See Han v. Cty. of Los Angeles*, 2016 WL 2758241, at *9 (C.D. Cal. May 12, 2016). Here, the First Amended Complaint alleges that the property at issue was seized in a warrant operation that the FBI executed at a facility owned by U.S. Private Vaults, not that the property was seized by intimidating or threatening the Plaintiff.

6. Count IX, entitled "as-applied deprivation of property without due process of law under the Fifth Amendment Due Process Clause," is dismissed because it

is not a cause of action. If interpreted as asserting a constitutional violation, it is dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity with respect to constitutional torts. *See Pesnell v. United States*, 64 F. App'x 73, 74–75 (9th Cir. 2003).

IT IS HEREBY ORDERED that the Motion is granted and the United States is dismissed as a party. The First Amended Complaint's claims as against the United States, including those for which the United States has substituted as defendant, are dismissed without leave to amend.

IT IS SO ORDERED.

Dated: _____

_____
THE HONORABLE R. GARY KLAUSNER
United States District Judge