**THE INSTITUTE FOR JUSTICE**
Joseph Gay*
jgay@ij.org
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted *pro hac vice*.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, California 90401
Tel. (424) 258-5190

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **DONALD LEO MELLEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 2:23-cv-07970-RGK-MAR<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>DISCOVERY MATTER<br><br>Date: July 10, 2024<br>Time: 11:00 a.m.<br>Courtroom: 790<br>Judge: Hon. Margo A. Rocconi<br>Discovery Cutoff: Sept. 4, 2024<br>Pretrial Conference: Nov. 18, 2024<br>Trial Date: Dec. 3, 2024 |

Ninth Circuit precedent holds that, when a plaintiff alleges negligence, evidence concerning other incidents is admissible "as direct proof of negligence" so long as they bear a "substantial similarity" to the plaintiff's claim. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). Likewise, such information is admissible and discoverable for other purposes, too, such as to show how property may have gone missing. Joint Stipulation 10–11 (citing cases).

Here, Plaintiff Don Mellein claims the FBI misplaced gold coins in his USPV safe-deposit box, and seeks discovery about a discrete set of instances where property from other USPV boxes went missing following execution of the FBI's seizure warrant. Under both *Cooper* and established caselaw addressing "other incidents of the same type," Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (confirming that such information remains discoverable), Don is entitled to that discovery, and his motion to compel should be granted.

**A. The requested discovery is relevant.**

"Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Torres v. L.A. Sheriffs Dep't*, No. 2:22-cv-07450-MWF-MAR, 2024 WL 348845, at *1 (C.D. Cal. Jan. 18, 2024), *review denied*, 2024 WL 1600317 (C.D. Cal. Mar. 19, 2024). Don's portion of the Joint Stipulation pointed to binding Ninth Circuit precedent holding that the requested information is admissible (and thus discoverable) for his claim that the FBI was negligent when it allowed his coins to go missing, Joint Stipulation 11–13, as well as to numerous cases holding that such information is admissible or discoverable to identify opportunities where his property could have gone missing while in the FBI's custody, *id.* at 10–11. The government's contrary arguments all fall short.

<u>Negligence</u>: Under binding Ninth Circuit precedent, the requested discovery is relevant to Don's claim that the FBI was negligent when it allowed his remaining gold coins to go missing. *Cooper*, 945 F.2d at 1105 (explaining that

evidence of "substantial[ly] similar[]" incidents admissible "as direct proof of negligence"). The government has no answer for that precedent, which is reason alone to resolve the motion in Don's favor. The government's only response is that Don must "still" show that the coins were lost. Joint Stipulation 18; *see also infra* pp. 2–3 (explaining why requested discovery is relevant to that dispute, too). But cases can have more than one dispute, and the existence of a separate dispute cannot excuse the government from providing discovery for *this* dispute.

Even if other incidents of misplacing property in other USPV boxes were not substantially similar to misplacing property in Don's USPV box, *Cooper* holds that such evidence can still be admissible for impeachment purposes. 945 F.2d at 1105. The government calls this "nonsensical," Joint Stipulation 18, but it is binding Ninth Circuit precedent. The government also says Don merely "speculates" that it will assert that his gold coins were safe for the several months during which the FBI didn't even know about them. *Id*. But the FBI did not make any records of any of the gold coins in Don's box when it searched it in March 2021, and it is not speculative to expect the government to press the only potential (albeit weak) assertion available. Don is entitled to marshal evidence to impeach that assertion.

<u>The 63 missing coins</u>: Discovery about misplaced property from other boxes is separately relevant to Don's claim that 63 of his 110 gold coins went missing from his safe-deposit box after the FBI took custody of it, *id.* at 10–11, as well as the government's view that there were only 47 coins in the box because that's all the FBI says it found still inside the box months later, *e.g.*, *id.* at 18. That's because all the boxes were searched, processed, and stored at the same time and using the same procedures, so what happened to property misplaced from one box likely happened to other boxes. Indeed, that's what happened with the 47 gold coins that the government stumbled upon in Don's box: Coins and cash from at least three other boxes were found to have been misplaced in exactly same way. *Id.* The government calls this example "misleading[]," *id.* at 16, but doesn't dispute the

basic facts about what happened. It just prefers the euphemism "un-inventoried property," *id.,* to describe unknowingly leaving at least a hundred thousand dollars of property in the wrong place for several months (*i.e.*, misplacing it). Whether Don's remaining 63 gold coins were "misplaced" or simply "un-inventoried," he's entitled to discovery about missteps involving property from other boxes that would help explain what happened to his own property.

Don also cited several cases holding that the type of information he seeks is admissible for other purposes, such as to identify opportunities during the government's handling of his coins where they could have gone missing. Joint Stipulation 11. The government dismisses these cases because they merely held that the information Don seeks is *admissible*, not "whether discovery should be compelled." Joint Stipulation 17. But the bar for discovering information is *lower* than the bar for admitting it into evidence at trial, Fed. R. Civ. P. 26(b)(1), so if the information is admissible, it is relevant for discovery. The government also argues that the "character" of the United States is not at issue, *id.*, but the whole point of Federal Rule of Evidence 404(b)(2) is that such evidence is admissible for non-character purposes.[1]

### B. The requested discovery is proportionate.

Don's requested discovery is also "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). That inquiry depends on "input from both sides." *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1006 (S.D. Cal. 2021). But the "party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.* (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment). Thus, at bottom, the party resisting discovery has the "burden of proving" that relevant

---

[1] The government also tries to distinguish another on-point case because it was decided before the 2015 updates to Rule 26. But that case applied essentially the same relevance standard at issue here. *See Albee v. Cont'l Tire N. Am., Inc.*, No. 09-cv-1145, 2010 WL 1729092, at *7 (E.D. Cal. Apr. 27, 2010).

discovery "is unduly burdensome or disproportional to the needs of this case." *Id.* at 1007; *see also Torres*, 2024 WL 348845, at *4 ("[T]he party opposing discovery has the burden of showing that discovery should not be allowed … and supporting its objections with competent evidence.").

Don explained in the Joint Stipulation why the requested information is proportional to this case. Joint Stipulation 13–14. He seeks discovery for only that discrete subset of boxes where property was allegedly misplaced, lost, or stolen. *Id.* at 14. Most or all that discovery, in turn, involves standardized forms housed in the FBI's central recordkeeping system. There is therefore no reason to believe that identifying and producing responsive documents would impose any measurable burden. Nor is there any evidence of any burden. The government did not submit any "competent evidence" to support its "burden of proving" that the requested discovery is disproportionate. *Scherer*, 538 F. Supp. 3d at 1006–07. That evidentiary default alone is sufficient to find that the requested discovery is proportional and to grant Don's motion to compel.[2]

**C. The government's other arguments also fall short.**

Rather than presenting evidence about burden, the government declares that the documents it produced in *Snitko v. United* States, No. 2:21-cv-04405 (C.D. Cal.) should be enough. Joint Stipulation 22–23.[3] But setting aside the

---

[2] The cases the government cites do not hold otherwise. Its chief case, for instance, recognized that "there may be scenarios where discovery of other complaints, properly limited, are relevant and proportional to the case." *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-cv-242, 2020 WL 4784740, at *6 (S.D. Cal. Aug. 18, 2020). The chief problem there was simply the mismatch between the plaintiff's request (*identities* of thousands of people who complained) and what might have been relevant (underlying *complaints* of similar battery problems). *Id.*

[3] The government cites to documents subject to the *Snitko* protective order to argue that different agents inventoried three of the boxes with potentially misplaced property. But even if true, that says nothing about other boxes with misplaced property. Nor does it address other potential similarities, such as whether they were later accessible by the same people or whether they were stored in similar places.

government's failure to even finish producing documents in *Snitko*,[4] that case was about whether the government's *search* of class members' USPV boxes violated the Fourth Amendment. This case involves what happened to Don's property *after* the search. That difference matters, since the FBI in *Snitko* provided some records about its initial search, not documents it created later, such as descriptions about subsequent problems with the property, *e.g.*, Declaration of Joseph Gay ("Gay Decl.") Ex. J at 74, or receipts showing what property was returned, *e.g.*, Gay Decl. Ex. L at 81. Indeed, according to the *Snitko* documents, there weren't any problems at all with Don's box. *But see* Gay Decl. Ex. J at 74. The *Snitko* documents tell part of the story, but not all of it, and not the most important parts.

The government also says Don has the information he needs from Agent Zellhart's deposition testimony in *Snitko* and here. Joint Stipulation 22–23. But as just noted, *Snitko* was focused on the illegal search, so there was little reason to ask about the government's handling of misplaced property *after* the search. And here, Agent Zellhart could not provide meaningful testimony about the other instances of misplaced property. *See* Gay Decl. Ex. N, at 94–95, 103–04, 106–07.

Finally, the government points to the name of Don's attorneys' law firm and suggests that the requested discovery is about finding additional clients. Joint Stipulation 4. But that isn't the case; indeed, given the FTCA's two-year statute of limitations, other boxholders likely could not bring the claims that Don asserts here. *See* 28 U.S.C. § 2401(b). And other boxholders have apparently already resolved their claims. Joint Stipulation 18 (noting "resolutions of other potential claims"). Don and his counsel seek this discovery for the simple reason that it is crucial to *Don's* claims about *his* box.

---

[4] *See* Joint Stipulation and Req. to Cont. Trial Briefing ¶ 13, *Snitko*, D.E. 109 at 5 (FBI's explanation that it would not be able to complete discovery in time).

Dated: June 26, 2024							Respectfully Submitted,

/s/ Joseph Gay

**INSTITUTE FOR JUSTICE**
Joseph Gay*
jgay@ij.org
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
16781 Chagrin Blvd. Suite 256
rjohnson@ij.org
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted *pro hac vice*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, California 90401
Tel. (424) 258-5190

*Attorneys for Plaintiff*