E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASMIN YANG (Cal. Bar No. 255254)
YUJIN CHUN (Cal. Bar No. 306298)
Assistant United States Attorneys
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-8827 (Yang)-0929 (Chun)
     Facsimile: (213) 894-7819
     E-mail: jasmin.yang@usdoj.gov
           yujin.chun@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEO MELLEIN, | No. 2:23-cv-07970-RGK-MAR |
| Plaintiff, | |
| v. | **ANSWER TO SECOND AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | Honorable R. Gary Klausner |

## ANSWER

Defendant United States of America ("Defendant") hereby answers the Second Amended Complaint ("Complaint" or "SAC") [Dkt. 94] filed by Plaintiff Donald Mellein ("Plaintiff") as follows:

## INTRODUCTION

1.      Paragraph 1 consists of Plaintiff's characterization of this lawsuit and argument, to which no response is required.  To the extent a response is deemed required, Defendant denies.

2.      Defendant admits that it seized and conducted an inventory search of Plaintiff's safe deposit box at U.S. Private Vaults ("USPV") in Beverly Hills, California. Defendant denies the remainder of this paragraph.

3.      Paragraph 3 consists of Plaintiff's characterization of this lawsuit and the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

4.      Denied.

5.      Denied.

6.      Defendant admits that it returned Plaintiff's cash and gold-colored bar, and that 47 gold coins were later provided to Plaintiff. Defendant lacks sufficient information or knowledge at this time to admit or deny the alleged value of the unspecified 63 gold coins. Defendant admits that, in response to a Federal Tort Claims Act (FTCA) cause of action in Plaintiff's prior lawsuit, Defendant argued that Plaintiff had failed to exhaust his administrative remedies under the FTCA.  Defendant denies the remainder of paragraph 6.

7.      Defendant admits that Plaintiff dismissed his prior lawsuit without prejudice, filed an administrative claim with the FBI, and that the FBI denied the claim. The remainder of this paragraph consists of Plaintiff's characterization of his motivation for dismissing his prior lawsuit, and his characterization of his administrative claim and

the FBI's response, to which no response is required.  To the extent a response is deemed required, those documents speak for themselves.

8.    Denied.

9.    Paragraph 9 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

10.    Paragraph 10 consists of Plaintiff's characterization of this lawsuit and the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

## JURISDICTION AND VENUE

11.    Paragraph 11 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction.

12.    Paragraph 12 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that the venue is proper.

## PARTIES

13.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 and, on that basis, denies.

14.    Defendant admits that the United States is the national federal government. Defendant denies that the Constitution drafted in 1787 established the United States, which preexisted that date. The second sentence in Paragraph 14 consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies.  The third sentence in Paragraph 14 consists of a characterization of the complaint, to which no response is required.

15.    Defendant admits that Lynne Zellhart is an FBI Special Agent ("SA").  To the extent this paragraph purports to characterize the warrant application, no response is required.  To the extent a response is deemed required, the document speaks for itself.

2

Defendant admits that the Court previously dismissed Defendant Zellhart from this action and that she is not named as a defendant. (Dkt. 73).

16.   Defendant admits that the five named individuals are FBI Special Agents. To the extent this paragraph purports to characterize the FBI's documentation of its inventory search, no response is required.  To the extent a response is deemed required, the documentation speaks for itself.  Defendant admits that the Court previously dismissed the individuals and that they are not named as defendants. (Dkts. 73, 79, 81).

17.   Paragraph 17 consists of Plaintiff's characterization of the complaint and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## FACTUAL ALLEGATIONS

18.   Defendant admits this paragraph except that Defendant lacks sufficient information or knowledge to admit or deny that USPV is currently a corporation

19.   Admit.

20.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 and, on that basis, denies.

21.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 and, on that basis, denies.

22.   Defendant admits that safe deposit box 224 was used by Plaintiff. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 22 and, on that basis, denies.

23.   Paragraph 23 consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies.

24.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 and, on that basis, denies.

25.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 and, on that basis, denies.

26.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 and, on that basis, denies.

27.   Defendant admits that cash, a gold-colored bar, and some papers were in box 224 at the time it was seized by the FBI.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 27 and, on that basis, denies.

28.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 and, on that basis, denies.

29.   Defendant admits that box 244 contained a document identifying his beneficiaries.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 29 and, on that basis, denies.

30.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 and, on that basis, denies.

31.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 and, on that basis, denies.

32.   Defendant admits that as of March 22, 2021, box 244 contained cash, a gold-colored bar, a certificate from UBS for the gold-colored bar, and personal documents.  Defendant denies the remainder of this paragraph.

33.   Defendant admits that USPV was indicted by a Grand Jury on March 9, 2021, for Conspiracy to Launder Money, Conspiracy to Distribute Controlled Substances, and Conspiracy to Structure Transactions.  Defendant denies the remainder of this paragraph.

34.   Defendant admits the first sentence of Paragraph 34 and that SA Zellhart drafted much of the warrant affidavit and attested to it.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 34 and, on that basis, denies.

35.     Paragraph 35 consists of Plaintiff's characterization of the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

36.     Paragraph 36 consists in part of Plaintiff's characterization of the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.  Defendant denies that the phrase "nests of safety deposit boxes" refers only to the structure that houses the boxes and denies the remainder of this paragraph.

37.     Paragraph 37 consists of Plaintiff's characterization of and quotations from the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

38.     Paragraph 38 consists of Plaintiff's characterization of the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

39.     Paragraph 39 consists of Plaintiff's characterization the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

40.     Paragraph 40 consists of Plaintiff's characterization the FBI's warrant application, to which no response is required.  To the extent a response is deemed required, the warrant application speaks for itself.

41.      Defendant admits that Magistrate Judge Kim issued the search and seizure warrants.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 41 and, on that basis, denies.

42.     Paragraph 42 consists of Plaintiff's characterization of and quotation from the warrant, to which no response is required.  To the extent a response is deemed required, the warrant speaks for itself.

43.     Paragraph 43 consists of Plaintiff's characterization of and quotation from the warrant, to which no response is required.  To the extent a response is deemed required, the warrant speaks for itself.

44.      Paragraph 44 consists of Plaintiff's characterization of the warrant, to which no response is required.  To the extent a response is deemed required, the warrant speaks for itself.

45.     Denied.

46.     Paragraph 46 consists of Plaintiff's characterization of SA Zellhart's deposition testimony, to which no response is required.  To the extent a response is deemed required, the testimony speaks for itself.

47.     Paragraph 47 consists of Plaintiff's characterization of SA Zellhart's deposition testimony, to which no response is required.  To the extent a response is deemed required, the testimony speaks for itself.

48.     Paragraph 48 consists of Plaintiff's characterization of SA Zellhart's deposition testimony, to which no response is required.  To the extent a response is deemed required, the testimony speaks for itself.

49.     Defendant admits the allegations in the first sentence of Paragraph 49. Defendant denies the remainder of Paragraph 49.

50.     With respect to Plaintiff's characterization of deposition testimony in Paragraph 50, no response is required.  To the extent a response is deemed required, the testimony speaks for itself.  Defendant denies the remainder of Paragraph 50.

51.     With respect to Plaintiff's characterization of deposition testimony in Paragraph 51, no response is required.  To the extent a response is deemed required, the testimony speaks for itself.  Defendant denies the remainder of Paragraph 51.

52.     Admit.

53.     Paragraph 53 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

54.     Paragraph 54 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

55.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 and, on that basis, denies.

56.     Denied.

57.     The first sentence of Paragraph 57 is Plaintiff's characterization of the search, to which no response is required.  Defendant denies the remainder of this paragraph.

58.     Defendant admits that for about half of the boxes, the inventory searches were not videotaped but were instead photographed, and that the videotaping and photography were intended to create a record of the inventory search.  To the extent Paragraph 58 characterizes deposition testimony, no response is required.  To the extent a response is deemed required, the testimony speaks for itself.  Defendant denies the remainder of this paragraph.

59.     To the extent Paragraph 59 characterizes deposition testimony, no response is required.  To the extent a response is deemed required, the testimony speaks for itself. Defendant denies the remainder of this paragraph.

60.     Paragraph 60 consists of Plaintiff's characterization of the inventory search and documentation of the search, to which no response is required.  To the extent a response is deemed required, Defendant denies.

61.     Denied.

62.     To the extent Paragraph 62 characterizes court filings, no response is required.  To the extent a response is deemed required, the court filings speak for themselves.  Defendant denies the remainder of this paragraph.

63.     Denied.

64.     Denied.

65.     Paragraph 65 consists of allegations concerning a lawsuit filed by another individual (not Plaintiff) about a different safe deposit box, which is not relevant to the

issues in this case and therefore no answer is required. To the extent an answer is deemed required, the filings in that lawsuit speak for themselves.

66. Paragraph 66 consists of allegations concerning a lawsuit filed by other individuals (not Plaintiff) about a different safe deposit box, which is not relevant to the issues in this case and therefore no answer is required. To the extent an answer is deemed required, the filings in that lawsuit speak for themselves.

67. Admit.

68. Defendant admits that an inventory search of Plaintiff's box was conducted on March 23, 2021, and that the box had to be opened in order to conduct the inventory search. Defendant denies the remainder of this paragraph.

69. Paragraph 69 consists of Plaintiff's characterization of the warrant application, to which no response is required. To the extent a response is deemed required, the warrant application speaks for itself.

70. Paragraph 70 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

71. Denied.

72. Denied.

73. Defendant admits that some of the Search Defendants prepared the inventory forms for Plaintiff's box. Defendant denies the remainder of this paragraph.

74. Defendant admits that the inventory forms for Plaintiff's box do not refer to gold coins. Defendant denies the remainder of this paragraph.

75. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 and, on that basis, denies.

76. Admit.

77. Admit that Plaintiff submitted a claim to the FBI on April 12, 2021. The remaining sentences of Paragraph 77 quote a document, which speaks for itself.

78. Denied.

79.   Admit that a notice was sent to Plaintiff. The remaining sentences of Paragraph 79 quote a document, which speaks for itself. Defendant admits that the notice did not refer to any gold coins.

80.   Defendant admits, with the clarification that the notice was sent with respect to certain assets in the boxes, not necessarily the entire contents of the boxes. The remaining sentences of Paragraph 80 quote a document, which speaks for itself. Defendant admits that the notice did not refer to any gold coins.

81.   Defendant admits that Plaintiff's former counsel spoke with SA Zellhart and that SA Zellhart advised that the FBI would return Plaintiff's property to him. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 81 and, on that basis, denies.

82.   Admit.

83.   Defendant admits that the government did not provide Plaintiff with 110 gold coins and that gold coins were not reflected in the property receipt for Plaintiff's box.  Defendant denies the remainder of this paragraph.

84.   Defendant admits that Plaintiff's counsel sent the FBI a letter dated June 14, 2021, stating that approximately 120 gold coins in Plaintiff's box had not been returned.

85.   Admit except that Defendant denies that there were 110 gold coins in Plaintiff's box at the time it was seized by the FBI.

86.   Admit.

87.   Admit, with the clarification that the FBI's documentation refers to the 20 coins as "Liberty" coins as opposed to "American Eagle" coins.

88.   Defendant admits that it has not provided Plaintiff with 63 gold coins that Plaintiff alleges are missing.  Defendant denies the remaining allegations of this paragraph.

89.   The first sentence of Paragraph 89 consists of Plaintiff's characterization of a brief filed by Defendant in Plaintiff's prior lawsuit, to which no response is required.

To the extent a response is deemed required, the brief speaks for itself.  Defendant admits the second sentence in Paragraph 89.

90.    Defendant admits that through counsel, Plaintiff submitted an administrative claim dated March 9, 2023, to the FBI under the FTCA, seeking compensation of the 63 gold coins that Plaintiff alleges were seized and never returned. Defendant denies the remainder of this paragraph.

91.    Defendant admits that the market price of gold changes over time but denies that it is impossible to foresee the price of gold changing; gold is typically bought as an investment on the expectation that it will continue to increase in value significantly over time, even if the exact amount is not known. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and on that basis denies them.

92.    Admit.

93.    Denied.

94.    Paragraph 94 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## INJURY TO PLAINTIFF

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Paragraph 100 consists of Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## CLAIMS FOR RELIEF

## COUNT I:  Conversion and Trespass to Chattels
## Against Defendant United States of America
## Under the Federal Tort Claims Act (28 U.S.C. 1346(b)(1), 2671-80)

101.   Paragraph 101 consists of Plaintiff's re-allegation and incorporation of paragraphs 1 through 100 of the SAC.  Defendant accordingly hereby incorporates its responses to those paragraphs.

102.   Paragraph 102 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

103.   Denied.

104.   Admit.

105.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 105 and, on that basis, denies.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

## COUNT II: Breach of Bailment
## Against Defendant United States of America
## Under the Federal Tort Claims Act (28 U.S.C. 1346(b)(1), 2671-80)

116.   No response is required for paragraphs 116 through 129, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's

11

Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

## COUNT III: Negligence

### Against Defendant United States of America

### Under the Federal Tort Claims Act (28 U.S.C. 1346(b)(1), 2671-80)

117.   Paragraph 130 consists of Plaintiff's re-allegation and incorporation of paragraphs 1 through 100 of the FAC.  Defendant accordingly hereby incorporates its responses to those paragraphs.

118.   Paragraph 131 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

119.   Paragraph 132 – Denied.

120.   Paragraph 133 – Admit.

121.   Paragraph 134 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

122.   Paragraph 135 – Denied.

123.   Paragraph 136 – Denied.

124.   Paragraph 137 – Denied.

125.   Paragraph 138 – Denied.

126.   Paragraph 139 – Denied.

127.   Paragraph 140 – Denied.

## COUNT IV: Conversion and Trespass to Chattels

### Against Individual Defendants

### Under California Law

128.   No response is required for paragraphs 141 through 155, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### COUNT V: Breach of Bailment
### Against Individual Defendants
### Under California Law

129.   No response is required for paragraphs 156 through 168, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### COUNT VI: Negligence
### Against Individual Defendants
### Under California Law

130.   No response is required for paragraphs 169 through 179, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### COUNT VII: Unreasonable Search in Violation of the Fourth Amendment
### Against Individual Defendants
### Under Bivens, Westfall Act, Bane Act, and directly under the Fourth Amendment

131.   No response is required for paragraphs 180 through 199, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### COUNT VIII: Unreasonable Seizure in Violation of the Fourth Amendment
### Against Individual Defendants
### Under Bivens, Westfall Act, Bane Act, and directly under the Fourth Amendment

132.   No response is required for paragraphs 200 through 213, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's

13

Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### COUNT IX: As-Applied Deprivation of Property Without Due Process of Law Under the Fifth Fourth Amendment Due Process Clause

133.    No response is required for paragraphs 214 through 221, as the Court has dismissed this claim. *See* Court's Order Re: United States' and Zellhart's Motions to Dismiss [Dkt. 73]. To the extent any response is deemed required, however, the claim's allegations are denied.

### REQUEST FOR RELIEF

This portion of the SAC consists of Plaintiff's request for relief, set out in paragraphs A through F, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief from the Court.

### GENERAL DENIAL

Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied.

### AFFIRMATIVE DEFENSES

In further response to the SAC, Defendant asserts the following affirmative defenses:

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Plaintiff is barred from bringing any claim over which the Court lacks subject-matter jurisdiction.

3.    Plaintiff's claims are barred by the FTCA's discretionary function exception.  28 U.S.C. § 2680(a).

4.     Plaintiff's claims are barred by the FTCA's detention of goods exception. 28 U.S.C. § 2680(c).

5.     Plaintiff's recovery for any tort claim is limited to the damages recoverable under the Federal Tort Claims Act.  28 U.S.C. § 2412.

6.     Plaintiff is not entitled to a trial by jury with respect to any tort claim against Defendant.  28 U.S.C. § 2402.

7.     Defendant and its agents and employees exercised due care and diligence in all matters alleged in Plaintiff's SAC and acted within the applicable standard of care. No act or failure to act by Defendant or any agent or employee of the United States was the legal cause of any injury, loss, or damage to Plaintiff and/or Decedent.

8.     No negligent or wrongful act or omission of any employee or agent of the United States while acting within the course and scope of his or her office or employment caused or in any way contributed to the damages alleged in Plaintiff's SAC.

9.     Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

10.    Plaintiff's recovery, if any, must be reduced to the extent that he failed to mitigate his damages.

11.    Plaintiff's recovery, if any, must be reduced by any collateral source, as permitted by law.

12.    Plaintiff's recovery, if any, is offset by those benefits provided to Plaintiff by Defendant or funded by Defendant through another entity.

13.    Plaintiff cannot recover attorney's fees from the United States.  28 U.S.C. § 2412(d)(1)(A).  Attorney's fees are taken out of any judgment or settlement and shall not exceed 25 per centum of this amount.  28 U.S.C. § 2678.

14.    Plaintiff is barred from bringing any claim falling outside of the applicable statute of limitations.

15.    To the extent that Plaintiff asserts a contract claim, Plaintiff has failed to name an indispensable party.

1         Defendant reserves the right to amend its Answer to the SAC with additional

2    affirmative defenses of which it may become aware as discovery progresses, and to raise

3    any other matter constituting an avoidance or affirmative defense.

4         WHEREFORE, having fully answered, Defendant prays for judgment dismissing

5    Plaintiff's SAC with costs and disbursements, for judgment in Defendant's favor, and for

6    such further relief as may be appropriate.

7

8

9    Dated: July 8, 2024          Respectfully submitted,

10                       E. MARTIN ESTRADA
                         United States Attorney
11                       DAVID M. HARRIS
                         Assistant United States Attorney
12                       Chief, Civil Division
                         JOANNE S. OSINOFF
13                       Assistant United States Attorney
                         Chief, Complex and Defensive Litigation Section
14

15                           /s/ *Yujin Chun*
                         YUJIN CHUN
16                       JASMIN YANG
                         Assistant United States Attorneys
17
                         Attorneys for United States of America
18

19

20

21

22

23

24

25

26

27

28