**THE INSTITUTE FOR JUSTICE**
Joseph Gay*
jgay@ij.org
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted *pro hac vice*.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **DONALD LEO MELLEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 2:23-cv-07970-RGK-MAR<br><br>**OPPOSED FIRST PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENDANT TO FINISH RESPONDING TO DISCOVERY**<br><br>*(Memorandum of Points and Authorities Attached; Filed Concurrently with Declaration of Joseph Gay and Proposed Order)*<br><br>DISCOVERY MATTER<br><br>Judge: Hon. Margo A. Rocconi<br>Discovery Cutoff: Sept. 4, 2024<br>Pretrial Conference: Nov. 18, 2024<br>Trial Date: Dec. 3, 2024 |

**PLEASE TAKE NOTICE** that Plaintiff Donald Leo Mellein hereby moves for an order requiring the government to finish responding to Plaintiff's discovery requests.

Plaintiff served the bulk of his discovery requests on **April 10, 2024**. In the following months, Plaintiff repeatedly stressed the need to timely respond to those requests. As recently as **July 31, 2024**, the government's document production remained outstanding, even as its attorneys remained confident that completion was imminent. Yet even as they "pushed very hard for an estimated completion date," the FBI (which has assumed responsibility for reviewing and producing responsive documents) has still refused to say when or if it will finish responding to Plaintiff's discovery requests. As of **August 15, 2024**, more than **four months** after Plaintiff served most of his discovery requests, the FBI still has not finished producing responsive documents and will not even commit to finishing its productions before discovery closes on September 4, 2024. The FBI simply plans to wait out the discovery clock and never finish producing responsive documents. That's the same playbook it used in an earlier, related class action lawsuit, *Snitko v. United States*, No. 2:21-cv-04405 (C.D. Cal.). In that case, repeated efforts by the plaintiffs and even an order from this Court (*Snitko*, ECF No. 99) were not enough to force the FBI to comply with its discovery obligations. The FBI's conduct deprived the plaintiffs in that case of countless responsive documents, including virtually all emails between government officials about the conduct underlying that dispute. The FBI is on track to do the same thing here.

Plaintiff cannot force the FBI to comply with its discovery obligations. The government's own attorneys cannot even do so. Only this Court can. *Ex parte* relief is therefore requested because the FBI refuses to comply with the most basic of discovery requirements—producing documents that it has already agreed to or been ordered to produce. Absent relief, Plaintiff will be denied responsive documents to which he is entitled, which will prejudice his ability to present his

claims in this case. He will not have access to responsive documents to use during discovery, or when dispositive motions are due on September 18, 2024, or when trial begins on December 3, 2024.

To address this risk of prejudice, this *Ex Parte* Application seeks an order requiring the FBI to comply with its undisputed discovery obligations. Plaintiff seeks an order requiring the FBI (1) to complete its document productions no later than **August 23, 2024**, and (2) to provide a privilege log by **August 26, 2024**. If the government seeks and obtains an extension of the discovery deadlines, Plaintiff asks that the deadlines sought above be set at least *three weeks* before the close of discovery. Finally, the Court should make clear that the FBI's failure to comply with the Court's order will subject it to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).

Defendant is represented by Assistant United States Attorneys Jasmin Yang (jasmin.yang@usdoj.gov) and Yujin Chun (yujin.chun@usdoj.gov), Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, California 90012, Telephone: (213) 894-8827/0929. Plaintiff orally informed Defendant's counsel of his intent to file this Application, and of the date and substance of this Application, on August 14, 2024, at about 5:00pm PT. Defendant's counsel have stated that Defendant opposes the application.

Dated: August 15, 2024                     Respectfully submitted,

                                            /s/ Joseph Gay

                                            **INSTITUTE FOR JUSTICE**
                                            Joseph Gay*
                                            jgay@ij.org
                                            Robert Frommer*
                                            rfrommer@ij.org
                                            901 N. Glebe Rd., Suite 900
                                            Arlington, VA 22203
                                            Tel. (703) 682-9320

                                            Robert E. Johnson*
                                            16781 Chagrin Blvd., Suite 256
                                            rjohnson@ij.org
                                            Shaker Heights, OH 44120

Tel. (703) 682-9320

\* Admitted *pro hac vice*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite the need for this Application, there is no dispute here about the scope of the government's discovery obligations. Plaintiff simply seeks responsive documents that the government has already either agreed to produce or that this Court has ordered it to produce. No one disputes that parties must produce documents they have agreed to produce or that they have been ordered to produce. And no one disputes that they must do so within a reasonable time and before "the date by which all discovery is to be completed." Decl. of Joseph Gay ("Gay Decl.") Ex. B at 9 (Order for Court Trial (emphasis removed)). The only questions are whether the FBI (which is reviewing and producing the documents here) will do what everyone agrees it is obligated to do and whether it will be held to account if it does not.

Plaintiff served the bulk of his discovery requests on the government on April 10, 2024. At that time, and many times since, Plaintiff reminded the government of the need to expeditiously produce responsive documents before the discovery deadline expires. As recently as July 31, the government's attorneys believed that by the end of that week, they would have a date by which discovery would be complete. Yet even though the government's attorneys "pushed very hard for an estimated completion date," the FBI would not provide one, and so they have recently said that they "will have to ask for extra time to finish the production/likely continue the trial date," suggesting an extension of three months. Gay Decl. Ex. J at 35.

Plaintiff has stated that he will not oppose any request by the government to extend the discovery deadline, including their proposal to request another three months. But although the government says it "has proposed a modest extension of the discovery cutoff," Gay Decl. Ex. C at 16, it has not yet requested any extension. Nor is there any guarantee that its request, if made, will be granted. Until the

government requests and receives more time, it remains obligated to comply with its discovery obligations within the existing deadlines. And even if that request is granted, the government should still be ordered to complete its production within a reasonable time.

Left to its own devices, the FBI will not finish producing the documents it is obligated to produce. Those responsive documents will not be available to Plaintiff to use during the discovery period that ends on September 4, 2024, when dispositive motions are due on September 18, 2024, or when trial begins on December 3, 2024. Gay Decl. Ex. A at 6 (Scheduling Order). To avoid that clear prejudice, Plaintiff seeks an order requiring the FBI to comply with its undisputed discovery obligations and to finish producing the documents it has agreed to or been ordered to produce.

## II. BACKGROUND

### A. Factual Background

This case is about Plaintiff's 110 one-ounce gold coins that went missing, including 63 coins that remain missing today. Plaintiff Don Mellein, a retired civil servant in Los Angeles, stored 110 gold coins and other valuables in a safe-deposit box he rented from U.S. Private Vaults (USPV) in Beverly Hills. Second Am. Compl. ¶¶ 2, 13, Dkt. 94. The coins and other valuables, part of Don's retirement savings, were secure in the box for several years, until the FBI raided USPV in March 2021 and "end[ed] up with custody" of Don's box and hundreds of other boxes. *Id.* ¶¶ 8, 36–37, 52. The government then illegally searched the contents of each box as part of a plan to civilly forfeit every box worth more than $5,000. *See generally Snitko v. United States*, 90 F.4th 1250 (9th Cir. 2024).

After the government abandoned its effort to forfeit Don's property, it returned the other valuables from his box on June 14, 2021, but not his gold coins. Gay Decl. Ex. D at 18. According to records finalized after the fact, the government had not seen Don's gold coins when it searched his box in March

2021, and it only discovered 37 of them, still inside the box being kept in the general evidence room, on June 14, 2021. Gay Decl. Ex. E at 20 (FD-302 dated June 15, 2021). At some point, that changed without explanation to 47 coins. Gay Decl. Ex. F at 22. After keeping the coins secret for over five months (and forcing Don to file an earlier lawsuit to recover the coins), the FBI eventually agreed to return those 47 coins in December 2021. *Id.*

Plaintiff then filed this lawsuit to be made whole for the 63 gold coins that are still missing.

### B. Plaintiff's Discovery Requests

On April 8, 2024, Judge Klausner entered a scheduling order setting the discovery cut-off date for September 4, 2024. Gay Decl. Ex. A at 6. That same day, he entered the Order for Court Trial requiring that "[a]ll discovery shall be complete by the discovery cut-off date." Gay Decl. Ex. B at 9.

On April 10, 2024—two days after the scheduling order issued—Plaintiff served his primary set of discovery requests. Gay Decl. Ex. G at 24. In doing so, Plaintiff noted the Scheduling Order did not give us the "luxury of rolling productions," and asked that the government reach out "as soon as possible" if it would not be able to produce the documents by the May 10, 2024, due date for the responses. *Id.*

On May 10, 2024, the government responded to the discovery requests but did not produce any documents. Gay Decl. Ex. H at 27. Instead, the government said it "anticipate[d] … doing a rolling production" beginning in about two weeks. *Id.* In response, on May 15, Plaintiff again noted the need for timely productions and asked if May 28 and June 7, 2024, would be enough time to produce the documents and privilege log, respectively. *Id.* The government did not respond. Gay Decl. ¶ 11.[1]

---

[1] The government's May 10 discovery responses also objected to certain discovery about other boxes with missing or misplaced property. Plaintiff began the
(continued…)

Plaintiff continued to press the issue over the ensuing months:

May 20, 2024: During a telephonic meet-and-confer, Plaintiff's counsel again emphasized the need for the FBI to promptly produce its documents. Defendant's counsel responded that non-email documents would be produced by the end of the week and that they hoped to know more about emails the week after. Gay Decl. ¶ 12.

June 7, 2024: Plaintiff's counsel emailed Defendant's counsel to emphasize that "we need production to be completed soon," and to request a date by which the government would complete its productions. Gay Decl. Ex. I at 31–32. Plaintiff's counsel requested a Rule 37-1 conference if the government was unable to commit to a reasonable production deadline. *Id.* The government did not respond. Gay Decl. ¶ 13.

June 14, 2024: Plaintiff's counsel again asked about the timing of the government's productions and again requested a Rule 37-1 conference. Gay Decl. Ex. I at 31. The government did not respond. Gay Decl. ¶ 13.

June 21, 2024: During a conference call, Plaintiff's counsel again emphasized the need for the government to timely produce its documents. The government's counsel explained that they did not have access to or control over the documents or how quickly the FBI reviews and provides them. Gay Decl. ¶ 14. In a follow up email later that day, Plaintiff's counsel again raised the issue about the FBI's production. Gay Decl. Ex. I at 29–30. Plaintiff's counsel asked the government to provide a statement of the government's position as part of the request for a pre-motion telephonic conference under Section 1.b.ii of this Court's discovery procedures. *Id.* The government did not respond. Gay Decl. ¶ 15.

---

process of meeting and conferring about that dispute within a few days and filed a motion to compel by June 18, 2024. Dkt. 92. The Court granted that motion on July 31, 2024. Dkt. 99. As of August 14, 2024, the government has not produced (and has not started working on) any documents that were the subject of the Court's July 31, 2024, Order.

1        June 27, 2024: Plaintiff's counsel re-sent the language required by Section 1.b.ii of this Court's discovery procedures and again asked the government to provide a statement of the government's position. Gay Decl. Ex. I at 29. The government responded within minutes that the FBI would begin its rolling production the next week. *Id.* Given that assurance, and with the understanding that the FBI was on track to comply with its discovery obligations, Plaintiff did not begin motion practice at that time. Gay Decl. ¶ 16. The FBI began rolling document productions during July 2024. *Id.* ¶ 17.

      July 31, 2024: During an in-person discussion following a deposition, Plaintiff's counsel again asked when the FBI would complete its document productions, given that the discovery cut-off date was nearing. Defendant's counsel responded that they expected to have an estimated completion date by Friday, August 2. Gay Decl. ¶ 18.[2] No estimated completion date was provided. *Id.*

      August 5, 2024: Plaintiff's counsel again emailed to emphasize the need for the FBI to complete its document productions within a reasonable time and before the discovery cut-off date. Gay Decl. Ex. J at 36. Defendant's counsel responded that they had "pushed very hard for an estimated completion date," but that the FBI would not provide one. *Id.* at 35. Instead, the government said it "will have to ask for extra time to finish the production/likely continue the trial date," suggesting a three-month extension. *Id.* Plaintiff's counsel responded that they would not oppose a motion to amend the scheduling order, but that until such a motion was granted, Plaintiff would have to proceed under the current schedule. *Id.* at 34.[3]

---

[2] A lawyer from the FBI's Office of General Counsel who is stationed in Los Angeles also attended the deposition and was present during the subsequent discussion about the FBI's document productions. He did not contradict the Assistant U.S. Attorney's expectation that a timeline from the FBI was imminent. Gay Decl. ¶ 18.

[3] On August 14, 2024, at about 4:00pm PT, the government's counsel relayed information from the FBI indicating that it might be able to finish one set of productions by next Friday, August 23: the documents the government agreed to
(continued…)

As of the date of the filing of this memorandum, the government has still not moved to amend the scheduling order.

## III. ARGUMENT

### A. The FBI should be ordered to finish responding to discovery.

Plaintiff seeks only to require the FBI to do what it is already required to do. The government has already agreed to provide documents in response to certain requests for production. And it has already been ordered to produce certain other documents by this Court. Dkt. 99. The Federal Rules of Civil Procedure, meanwhile, already require the government to "specify the … end dates of the production" and provide documents within a "reasonable time." Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment); *see Sarieddine v. D&A Distribution, LLC*, No. 2:17-cv-2390, 2018 WL 5094937, at *4 (C.D. Cal. Apr. 6, 2018) ("fail[ure] to specify the time for production" violated rules). And the Order for Court Trial already requires, at a minimum, that such productions "shall be complete by the discovery cut-off date" on September 4, 2024. Gay Decl. Ex. B at 9.

The only question is whether the FBI will comply with these undisputed obligations: Will it finish its document productions as required, or will it—yet again—simply run out the clock on the discovery period? *See, e.g.*, Joint Stipulation ¶ 13, *Snitko v. United States* ("*Snitko*"), No. 2:21-cv-04405, Dkt. 109 at 5 (C.D. Cal.) (explaining that FBI would not finish producing responsive documents before trial briefs were due). It's a question that should not need asking. Discovery obligations are not optional. Courts therefore regularly set deadlines to finish producing documents when parties will not do so on their own. *See, e.g.*, *Altair Instruments, Inc. v. Telebrands Corp.*, No. 2:19-cv-08967, 2020 WL 6106821, at *2

---

provide in response to Plaintiff's April 10, 2024 discovery requests. The FBI, however, has not even *started* reviewing documents in response to the Court's July 31, 2024 Order compelling discovery *or* Plaintiff's June 28, 2024 discovery requests. Gay Decl. ¶ 5.

(C.D. Cal. July 10, 2020) (granting *ex parte* application and requiring documents to be produced within three days due to "impending discovery cut-off" and scheduled 30(b)(6) deposition); *City of Colton v. Am. Promotional Events, Inc.*, No. 09-cv-01864, 2011 WL 13224072, at *2 (C.D. Cal. May 26, 2011) (ordering documents to be produced within five days). This Court should do the same here and set a firm deadline for the FBI to complete its discovery obligations within a reasonable time before the close of discovery.

Such an order is especially appropriate here because the FBI has already benefited from nearly identical foot-dragging in the *Snitko* case. The plaintiffs there spent months seeking to have the government commit to timely producing responsive documents. *See Ex Parte* Application 5–12, *Snitko*, ECF No. 95 (detailing efforts); Order 2–3, *Snitko*, ECF No. 99 (same). This Court declined to set a firm deadline for the government's document productions because the government represented that it would substantially complete its discovery obligations within a few days. *Id.* at 4. To ensure compliance, however, the Court ordered the government to provide a status report about its progress soon afterwards. *Id.* at 5. Despite those efforts by the plaintiffs and this Court, the government never finished producing responsive documents. *See, e.g.*, Joint Stipulation ¶ 13, *Snitko*, ECF No. 109 at 5 (observing that, despite imminent trial briefing deadline, videos relevant to the FBI's search of about 90 boxes and written documents relevant to about 56 boxes had not been produced). The FBI also did not produce essentially any of the email communications between the government officials who planned and executed the conduct at issue there, despite agreeing to do so. Gay Decl. ¶ 20.

The FBI should not be permitted to repeat that intransigence here. It has already had four months to produce responsive documents, and there is no reason it cannot finish that production in short order. The Court should therefore order the FBI to complete its production by August 23, 2024, and to produce a privilege log

by August 26, 2024. In the event the government seeks and obtains an extension of the discovery deadlines, the FBI should be required to complete its productions and provide its privilege log at least three weeks before any new discovery cut-off date. The Court should also make clear that the failure to comply with its order will be subject to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).

## B. *Ex parte* relief is warranted.

Plaintiff meets the requirements for *ex parte* relief. "A party seeking *ex parte* relief must demonstrate: (1) the moving party is without fault in creating the crisis that requires *ex parte* relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Altair Instruments, Inc.*, 2020 WL 6106821, at *2.

First, Plaintiff played no part in creating the need for this Application. Plaintiff served most of his discovery requests within days of the Scheduling Order's entry. Gay Decl. ¶¶ 2, 10. For the documents the Court ordered the government to produce, Plaintiff began the process for seeking a motion to compel within days of the government's objections and responses. *Id.* ¶ 10. Meanwhile, over the past several months, Plaintiff has repeatedly—at least 10 times—reminded the government of the discovery deadline and emphasized the importance of timely productions. *See supra* Section II.B. When Plaintiff indicated that motion practice would be necessary, the government did just enough to create the impression that it would comply. See Gay Decl. ¶¶ 15–16. Both Plaintiff's and Defendant's counsel have "pushed very hard" to get the FBI to say when it will finish its productions. Gay Decl. Ex. J at 35. And even as late as August 5, 2024, Plaintiff understood the government was on track to complete its productions. This Application results from the FBI's unilateral decision to disregard its discovery obligations and nothing else.

Second, Plaintiff will be irreparably prejudiced if the requested relief is not granted. Plaintiff has already been required to conduct several depositions without

the full universe of responsive documents. Gay Decl. ¶ 18 & Ex. I at 31. With the discovery cut-off about three weeks away, it now appears that the FBI will never provide the full universe of documents, let alone with enough time for Plaintiff to notice any depositions that the remaining documents may reveal to be necessary. The FBI's unwillingness to finish producing documents before the close of discovery also means that Plaintiff may be required to brief dispositive motions (due September 18) and proceed to trial (scheduled for December 3) without the responsive documents to which he is entitled. That would severely prejudice his ability to present his claims. *Ex parte* relief is therefore appropriate to ensure that Plaintiff receives all the responsive documents to which he is entitled before discovery closes. *See, e.g.*, *City of Riverside v. Greyhound Lines, Inc.*, No. 16-cv-796, 2017 WL 11632085, at *3 (C.D. Cal. May 16, 2017) (finding *ex parte* relief justified due to impending depositions and upcoming discovery cut-off); *Martin v. City of Barstow*, No. 13-cv-132193, 2015 WL 12743593, at *2 (C.D. Cal. May 5, 2015) (finding *ex parte* relief justified given "impending discovery cutoff"); *Altair Instruments, Inc.*, 2020 WL 6106821, at *2 (*ex parte* relief justified given "impending discovery cut-off" and pending deposition).

## IV.   CONCLUSION

For these reasons, the Court should order the government to (1) complete its document productions no later than **August 23, 2024**, or at least ***three weeks*** before the close of any extended discovery period; and (2) provide a privilege log by **August 26, 2024**, or at least ***three weeks*** before the close of any extended discovery period. The Court should further provide that the government's failure to comply with that order will subject it to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).

| | |
|---|---|
| Dated: August 15, 2024 | Respectfully submitted, |
| | /s/ Joseph Gay |
| | **INSTITUTE FOR JUSTICE**<br>Joseph Gay*<br>jgay@ij.org<br>Robert Frommer*<br>rfrommer@ij.org<br>901 N. Glebe Rd., Suite 900<br>Arlington, VA 22203<br>Tel. (703) 682-9320 |
| | Robert E. Johnson*<br>16781 Chagrin Blvd., Suite 256<br>rjohnson@ij.org<br>Shaker Heights, OH 44120<br>Tel. (703) 682-9320 |
| | * Admitted *pro hac vice* |
| | **THE VORA LAW FIRM, P.C.**<br>Nilay U. Vora (SBN 268339)<br>nvora@voralaw.com<br>Jeffrey Atteberry (SBN 266728)<br>jatteberry@voralaw.com<br>201 Santa Monica Blvd., Suite 300<br>Santa Monica, CA 90401<br>Tel. (424) 258-5190 |
| | *Attorneys for Plaintiff* |